## General Construction Company v. Ford.

(Decided November 10, 1925.)

### Appeal from Jefferson Circuit Court.

1. Appeal and Error—Judgment Not Reversed, where Verdict Not Flagrantly Against Evidence.—Mere preponderance of evidence for appellant will not work a reversal, where verdict is not flagrantly against evidence.

2. Master and Servant—Instruction Submitting Issue of Failure to Furnish Safe Place Held Without Prejudice.—Where averment that place where plaintiff was working was unsafe was sufficient to apprise defendant that unsafe place was charged, and real question under evidence was whether plaintiff understood danger, or had deliberately left place where he was told to work, and so brought about injury to him, defendant was not prejudiced by instruction submitting issue as to whether defendant failed to use ordinary care to furnish reasonably safe place to work by reason of which plaintiff was injured while exercising ordinary care.

3. Appeal and Error—Submission of Issue of Master's Failure to Furnish Safe Place to Work Held Not to Affect Substantial Rights. —In personal injury action, where real question under evidence was whether plaintiff understood danger of concrete mixer, or had deliberately left place where he was told to work, and so brought about injury, alleged error of instruction on master's failure to furnish reasonably safe place to work as issue not made by pleadings held, in view of Civil Code of Practice, section 134, not to have affected defendant's substantial rights.

4.  Damages—$3,083 Damages for. Crushed Leg Held Supported by Evidence.—$3,083.00 for injury to leg of laborer crushed when drawn into revolving shaft of concrete mixer held within evidence.

JOSEPH J. HANCOCK for appellant.

HUGGINS & OLDHAM, CLEM W. HUGGINS, RONALD C. OLDHAM, FRANK COYLE and JOHN D. CLAUSEN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Affirming.

Eugene Ford, a colored man, was working for the General Construction Company on April 24, 1922. As shown by him, his work was to run a wheelbarrow, hauling sand to a concrete mixing machine. On that morning about nine o'clock the foreman called him and told him to operate the concrete mixing machine. He showed him where to brace his foot and how to use the lever and directed him to keep the concrete from wasting on the street. He braced his foot as the foreman told him to do and while working the lever, about ten minutes later, a set screw in a revolving shaft caught his overalls, drew his leg into the machine and crushed it. He was ignorant of the danger of operating the machine; did not know of the set screw and received no warning of the danger. He brought this suit to recover for his injury. His doctor's bill was $583.00 and he recovered this and $2,500.00 as damages. The company appeals.

The evidence for the defendant was to the effect that Ford left the place where the foreman told him to stand and without right was climbing up on the concrete mixing machine when his clothes were caught in the revolving set screw. It also showed that he had on other occasions operated the machine and was familiar with it. The preponderance of the evidence is with the defendant, but the verdict of the jury is not flagrantly against the evidence. The credibility of the witnesses was for the jury and the judgment will not be reversed unless the verdict is palpably or flagrantly against the evidence.

It is earnestly maintained that the court submitted to the jury an issue not made by the pleadings and did not confine the jury to the cause of action stated in the petition. The court, among other things, gave the jury these instructions:

"1. It was the duty of the defendant, General Construction Company, to use ordinary care to fur-

nish the plaintiff with a reasonably safe place to work;

"And if the jury believe from the evidence that the defendant failed to use ordinary care to furnish the plaintiff, at the time and place referred to in the evidence, with a reasonably safe place to work, and that, by reason of such failure (if any there was) the plaintiff while at work was injured while in the exercise of ordinary care to prevent himself from being injured, then the jury will find for the plaintiff, unless the jury further believe that the dangerous condition of the machinery with which plaintiff was working was so obvious and so certain that the plaintiff knew, or by the exercise of ordinary care in the line of his duty could have known, of such dangerous condition (if dangerous condition there was), in which case the law is for the defendant and the jury will so find.

"2. If the plaintiff was injured at a place about the machinery where it was not his duty to be, and where no duty called him, then the law is for the defendant and the jury should so find.

"3. If the defendant knew that the plaintiff was ignorant of the duties of dumper, or ignorant of the manner in which the machinery he was called on to operate should be operated safely, then it was the duty of the defendant to fully instruct the plaintiff as to the proper manner in which to operate and manage or use such machinery. If the plaintiff was familiar with the duties of dumper, or had operated and discharged such duties a sufficient length of time to have become familiar with them, then he assumed the ordinary risk of the duties and dangers attendant on such position."

It is insisted that the petition did not charge that the place where the plaintiff was working was unsafe. But it contains these averments:

"While this plaintiff was holding a lever upon one side of said concrete mixing machine at or near where said machine discharges the mixed concrete and for the purpose of enabling said machine to discharge the mixed concrete that this plaintiff's clothing was caught by an exposed set screw in the side of said concrete mixing machine, drawing his right

leg into said machine and thereby greatly bruising, mangling and injuring his said right leg and the cutting the leaders thereof.

"Plaintiff says that the said concrete mixing machine upon which he was directed to work by the foreman, superior in authority to this plaintiff, was in a defective and dangerous condition by reason of the fact that certain material parts thereof had been removed and had not been replaced; that the position in which he was required to work at the side of said machine was because of said dangerous and defective machine, rendered dangerous and unsafe; that this plaintiff had no knowledge of said defective and dangerous condition of said machine nor of the danger of working in the position in which he had been placed by said foreman; that he had not been instructed by any one in authority as to the use of said machine; that he was not familiar with its condition nor its operation, and could not have known of the danger in which he was placed by the exercise of ordinary care."

This is a sufficient averment that the place where the plaintiff was working was unsafe to apprise the defendant that unsafe place was charged. The petition was defective in not averring that the defendant knew, or by ordinary care should have known of the danger. But there was no demurrer to the petition and this defect in the petition was cured by the evidence and the verdict. Under the instructions there could have been no finding for the plaintiff unless the defendant failed to use ordinary care to furnish plaintiff with a reasonably safe place to work, and it did not fail to use ordinary care unless the machinery was dangerous and it knew the danger, or by ordinary care should have known it. The fact is, the foreman well knew the condition of the machine. This is undisputed, and the real question in the case under the evidence, was whether the plaintiff understood the danger or had deliberately left the place where he was told to work and so brought about the injury to him. This being the real issue in the case the defendant was not prejudiced by the form of the instruction. The set screw was the only danger shown by the evidence, and the defendant clearly was not prejudiced by the failure of the court to limit the in-

struction to the set screw. Section 134 of the Code provides:

> "The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The matters complained of in the instructions fall literally within this rule. The real issue in the case was fairly submitted to the jury.

The amount of the recovery is well within the evidence. Three or four inches of the small bone of the leg to a great extent is removed and only a thin piece of bone connects the two parts. Appellee was in the hospital for many months; the wound had to be opened often and the bone cleansed; he suffered intensely and is permanently disabled. To the extent that this leg is not as strong as the other leg and will probably never be, this is a very serious injury to one who is only a laborer and requires in his work two good legs.

Judgment affirmed.